FILED
CLERK, U.S. DISTRICT COURT
3/7/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CDO___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ANTRELL DWAYNE MAESHACK,<br><br>　　　　Defendant. | CR No. 2:24-cr-00153-WLH<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1): Felon in Possession of Firearms; 18 U.S.C. § 924 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

[18 U.S.C. § 922(g)(1)]

On or about February 22, 2024, in Los Angeles County, within the Central District of California, defendant ANTRELL DWAYNE MAESHACK knowingly possessed firearms, namely, a Walther, Model IWI Uzi, 22-caliber rifle, bearing serial number DR004859, and a Spike's Tactical, AR-15-style, semiautomatic rifle, bearing serial number LT028478, each in and affecting interstate and foreign commerce.

Defendant MAESHACK possessed such firearms knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Robbery, in violation of California Penal Code Section 211, in the Superior Court for the State of California, County of Los Angeles, Case Number TA082812, on or about May 2, 2006;

2. Possession of a Controlled Substance for Sale, in violation of California Penal Code Section 11378, in the Superior Court for the State of California, County of Los Angeles, Case Number BA383749, on or about June 29, 2012; and

3. Possession of Marijuana for Sale, in violation of California Penal Code Section 11359, in the Superior Court for the State of California, County of Los Angeles, Case Number BA383749, on or about June 29, 2012.

FORFEITURE ALLEGATION

[18 U.S.C. § 924 and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offense set forth in this Indictment.

2.   If so convicted, the defendant shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

//
//
//
//
//

3

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

JEREMY K. BEECHER
Assistant United States Attorney
General Crimes Section